ENRIQUE CERECEDO, as Trustee of the Estate of José
Vila Espitery,

*v.*

JOSE MARIA CALDERON.

San Juan, Law, No. 974.

INSTRUCTIONS TO THE JURY.

Plaintiff—Burden.

1. The plaintiff must make out his case by a preponderance of evi-

Cerecedo v. Calderon.

dence to the reasonable satisfaction of the jury. Credibility is entirely for the jury.

Partnership—Withdrawal.

2. A partner cannot withdraw assets from the firm to the injury of creditors.

Partnership—Common Law and Civil Law.

3. The civil law in regard to partnership, as in regard to many other things, has more official supervision than has the common law. The commercial law, part of the civil law, prevails in Porto Rico, and provides for the special partnership sociedad en comandita, abbreviated S. en C., which is not known to the common law.

Sociedad en Comandita.

4. Where sociedad en comandita is registered, changes subsequently made, which are not registered, do not affect outsiders who are ignorant of the changes.

Same—Not Relying on the Register.

5. If creditors know of changes in the partnership, they are not protected even if these changes are not noted in the mercantile register.

Trustee—Permission.

6. The details of the bankruptcy administration need not be proved. If the schedules are in evidence, undisputed, and the existence of the trustee is not denied, a suit by the trustee is properly brought.

Partnership—Existing Creditors.

7. Future creditors have their remedy against a partner withdrawing money without notation on the mercantile register, and not merely those who were such at the time of this withdrawal.

Partnership—Third Parties.

8. The Commercial Code protects all creditors who did not know of change in the partnership.

Partner—Individual.

9. If the transaction complained of was an individual one, it does not affect creditors of the firm. *Secus* if it covered firm assets.

Opinion filed February 17, 1914.

*Mr. H. G. Molina* for plaintiff.

Cerecedo v. Calderon.

*Messrs. Savage & Francis* for defendant.

HAMILTON, Judge:

We have now reached the conclusion of an interesting and in some respects difficult case. I do not mean so much as to the facts,—I pass no judgment on them,—but as to some elements of the law. You will observe that I have given you a recess several times in order that points of law might be argued, and, while I have come to a conclusion and I will charge you according to that conclusion, some points are novel and may have to be re-examined in some other way. For the purposes of this case, however, you will take the law as I now give it to you.

1. Of course you understand the general rule, which I have to repeat, however, each time, because there may be some new men on the jury. In every case the burden is on the plaintiff to make out his case. In other words, if the plaintiff, the trustee, Mr. Cerecedo, of this bankruptcy estate, has not made out his case against Mr. Calderon for some twenty-seven hundred dollars I think it is, you would find for the defendant. If you believe by a preponderance of proof, however, that he has made out his case, you would find for the plaintiff. A preponderance, you know, is simply what we call a majority, ordinarily speaking. If the balance, in weighing the two sides, seems to you to be for the plaintiff, you would find for him. There is no case, gentlemen, that is entirely clear. I think those of you who have served longest on the jury have seen that there is no case in which twelve men without leaving the box could well find a verdict. It seldom happens. So you will probably have to

discuss this like others, and you will go by what seems to you to be a preponderance of the proof. If there is any difference between the witnesses, it is for you to say which you will believe or what part of it you will believe. Credibility is entirely for you. I have nothing to do with that at all. The court simply has to do with the question whether there is any evidence on a point, and as to that I can charge you that there is evidence on pretty much every point. It is, however, not all consistent.

2. So much for the general rules. As to this particular case; here is a suit by a trustee in bankruptcy against an alleged partner to recover back what that alleged partner took out of the firm assets. If it assumes that shape, if that seems to you to be true, of course the trustee has a right to recover. The trustee is not suing for anything of his own. It is not to do him any good, but he represents all the creditors, and if it is a fact that a partner took out of the concern two thousand or twenty-seven hundred dollars, whatever the proof may show, of course he has to put it back in. That is all. A partner is liable for the debts of a concern, and cannot take the money out.

3. The facts of this case are not quite so simple, however, as I have stated. In the first place there is difficulty in applying all the rules in bankruptcy to this kind of a partnership. In Porto Rico under the civil law and in Spain under the civil law, the matter of partnerships goes upon a different basis from that at common law. Both under the civil law and under the common law it is a contract, and a person is not bound beyond his contract; that is true, but the manner of proof is different in the two jurisdictions. Under the civil law the articles are put upon record, registered in a certain official

Cerecedo v. Calderon.

depository, and that remains the contract until something else is put on the record which changes the contract. In other words, under the civil law there are a great many things that are regulated by distinctly statutory law, which, under the common law, are left to individual initiative without official supervision or registration. There is no use of comparing the two systems. Each has its advantages, and it makes no difference anyhow, because, whichever is more advantageous, we follow the civil law here. So that here are two classes of partnerships which are wholly different from those at the common law. At civil law we have a general partnership and a special partnership, and what we have to do with here is a kind of special partnership,—special, however, under the civil law of Spain and her colonies. It is the "S. en C." which you see everywhere put after the name of the concern, an abbreviation of sociedad en comandita.

4. It seems that in 1905 a partnership was entered into regularly by a certain instrument between three partners, one of them being the present defendant Calderon, and there were some changes made afterwards, but the question in this case is whether those changes affect anybody except the partners themselves. Of course they could make any arrangement they pleased between themselves. One could draw out and another come in, that is, simply between themselves. But that is not the point in this case. This is not a suit to wind up a partnership at all. It is a suit to recover assets of the partnership for the benefit of third parties,—what are called third parties in the Code. And the peculiarity of it is that the first regular partnership was registered, and the two changes which were made afterwards were not registered. The ruling of the court

Cerecedo v. Calderon.

is that the two changes made afterwards, under the Civil Code, the Code of Commerce, do not affect the rights of outsiders, but only themselves, unless put on record; that such record controls the relation of the partnership with third parties, not as between themselves, you recollect, but as to third parties, and that it follows in cases of bankruptcy that the trustee of the creditors would be the one to bring the suit, and not the creditors, or, rather, he is the third party.

5. So the court charges you that if you believe there was such a partnership originally, unless the parties affected are shown not to have relied upon it, are shown to have not trusted to it, the plaintiff should recover. If, on the other hand, you find that these parties, the people represented by the trustee, did not trust to that, that they knew otherwise, that they knew it was an individual that was carrying on this business, and they knew the other man had drawn out, it would be improper to allow them to take advantage of what they knew was the fact. In other words, the third parties are protected by the registry, but they cannot be protected by the registry if there is no registry so far as they are concerned; if they knew that the registry was incorrect. It would be for you to say whether that was the case or not. You have heard a number of creditors testify on that point, and it is for you to say whether or not you think they relied upon the original partnership which was recorded.

6. You are entitled to assume in this case that the trustee for the creditors is the trustee for a bankrupt estate of some sort. That is to say, it is not necessary for the trustee to come in here and have a settlement of the bankrupt estate before a jury. The schedules which have been put in evidence are

Cerecedo v. Calderon.

sufficient proof to you that the trustee is entitled to recover assets, provided, of course, they are truly assets, for the creditors. In other words, you cannot assume that the trustee is not a trustee. He is here suing under certain bankruptcy schedules. They are not conclusive, it is true. They might be shown possibly even here to be wrong, but they are not opposed at all, and so that is not this case. There is no evidence by the defendant that this is not a bankrupt estate.

So the point for you to determine is this,— Did these parties rely upon the old firm, or did they rely upon the individual? Did they rely upon the Sucesores de G. Rodriguez & Company, or did they rely upon the credit of José Vila alone? If they relied upon the firm, the trustee is entitled to recover. If upon the individual, he is not. That is the simple question in the case. The fact that this was in its inception a limited partnership or "sociedad en comandita," makes no difference in this particular case. There is a difference between the two kinds of partnership, but that has nothing to do with this particular case. This is a case where a partner withdraws from the firm a certain sum of money, which he would have a perfect right to do if nobody else was concerned. The two partners could make any contract they please, and the sole point is, was that withdrawn money necessary to pay off the debts of the firm?

7. It has been very strongly argued that if the creditors existing at the time of the payment of this money have all been satisfied, since, there is no claim on the part of the plaintiff. That is to say, the only persons concerned in this matter of the withdrawal were the creditors at that time; that if they have all been settled with, nobody else can complain. The court

Cerecedo v. Calderon.

charges you that such is not the law of this case. That would be true only under an entirely different state of circumstances. The law of this case is that the money taken out is liable for future debts unless there had been some change upon the registry, or unless the creditors knew that there had been a change, whether it was made upon the registry or not. That is a matter of fact for you to determine. So it will be a question for you to discuss.

I have been asked to give some special charges.

8. The term "third parties," mentioned in arts. 17, 24, 25, 119, 226, and 228, or any of them,—sections which govern the registry,—means all parties who have dealt with the firm of Sucesores de G. Rodriguez & Company during the time that José Vila did business alone under that name, who did not know or were not notified that José Maria Calderon had retired from the firm, and of course the plaintiff, the trustee, is their representative.

If you find that the dissolution of the first firm and the constitution of the second under the same firm name was not inscribed in the Mercantile Registry, the persons or firms represented by the trustee in bankruptcy, plaintiff in this action, were entitled to consider the said firm as continuing in existence; and if the other deed of 1909 was not inscribed in the Mercantile Registry it cannot prejudice third parties, but they may make use thereof so far as advantageous. The fact that in one of the papers, the original paper, another Calderon was a party, makes no difference in this particular case. I do not pass on it, but there might be some suit in which all the partners, the partners under this first paper, were also made parties. Under this provision of the Code, the creditors or

VI. Porto Rico—34.

third parties may make such use as is advantageous; they may pick out such partner as they please, and in this particular case they picked out one Calderon, and not the other.

9. On the other hand, if you find that the transfer was a transaction between José Maria Calderon and José Vila, the individual, and the consideration given by Vila was a personal obligation, by Vila, the individual, then you must find for the defendant. This taken, of course, in connection with the previous charges as to the effect of the registration.

Unless the sale by Calderon to Vila of his capital constituted a withdrawal of his capital from the business, you must find for the defendant. If the individual's transaction had no connection with the firm, it had nothing to do with it, that is all; but if it was a withdrawal of so much capital, it had a good deal to do with it.

If the transfer by Vila to Calderon of $2,731.82 was a transfer for value by one individual to another individual, you must find for the defendant.

The schedules of the bankrupt are not evidence as to the amount of assets and liabilities as now existing in the hands of the trustee; but this is to be taken in connection with the previous instruction, that, not being contradicted, they are evidence that this is a bankrupt estate, and that the trustee has a right to sue for assets of the bankrupt estate.

You will now retire in charge of the marshal. In case you find for the plaintiff, the form of your verdict will be: "We, the jury, find for the plaintiff and assess his damages in the sum of $————," whatever you find it to be, including the interest in your amount. If, on the other hand, you find for the defendant, the form will be: "We, the jury, find for the defendant."